# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NC-DSH, Inc., d.b.a. Desert Springs Hospital Medical Center, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:10-cv-00124-GMN-PAL |
| vs. | ) **ORDER** |
| LOCAL 1107, SERVICE EMPLOYEES INTERNATIONAL UNION et al., | )<br>)<br>) |
| Defendants. | ) |

Plaintiff NC-DSH, Inc., d.b.a. Desert Springs Hospital Medical Center ("Desert Springs") has sued Service Employees International Union, Local 1107 ("Local 1107") to vacate an arbitration award to Local 1107. The parties have filed cross motions for summary judgment, (*see* ECF Nos. 26, 27), and Local 1107 has filed a motion to exclude evidence from consideration, (*see* ECF No. 21), as well as a motion to expedite review of that motion, (*see* ECF No. 24). For the reasons given herein, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and denies Defendant's motions to exclude and for expedited review of the motion to exclude as moot.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff and Defendant have entered into two collective bargaining agreements: (1) the 2007 CBA, effective March 22, 2007 through April 30, 2009; and (2) the 2009 CBA, effective May 1, 2009 through April 30, 2013 (collectively, "the Agreements"). (Compl. ¶ 6, ECF No. 1). The Agreements require arbitration of any dispute over discharge or discipline of an employee. (*Id.* ¶ 9). Article 19 of the Agreements provides that an arbitrator has "no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance

1  of the evidence that there was *not* just cause for the discipline.  In no event may the arbitrator
2  simply substitute his judgment for that of the hospital." (*Id.* ¶ 7 (quoting *id.*, Exs. B, C)
3  (emphasis added)).  This passage appears to accomplish two things:  (1) it establishes
4  "preponderance of the evidence" as the burden of proof borne by an arbitration complainant with
5  respect to disciplinary disputes; and (2) it establishes the standard of review the arbitrator is to
6  use when reviewing disciplinary actions of Desert Springs as abuse of discretion, as opposed to
7  de novo—this is the effect of the language prohibiting the arbitrator from "substitut[ing] his
8  judgment for that of [Desert Springs]." *See, e.g.*, *Buckingham v. Sec'y of U.S. Dep't of Agric.*,
9  603 F.3d 1073, 1080 (9th Cir. 2010).

10 On March 23, 2009, Desert Springs issued a "Level 3 Final Written Warning" to an
11 employee named Michael Benedito for violation of Desert Springs' Service Excellence Program
12 and Policy HR 601 Standards of Conduct, and Local 1107 filed a grievance over the warning.
13 (Compl. ¶ 10).  On June 10, 2009, Desert Springs discharged Benedito for another violation of
14 those policies. (*Id.* ¶ 11).  On or about June 11, 2009, Local 1107 field a grievance with Desert
15 Springs over the firing. (*Id.*).  On July 31, 2009, the parties submitted both grievances to
16 arbitration, and the arbitrator issued his Decision and Award ("the Benedito Award") on October
17 30, 2009. (*Id.* ¶¶ 12–13).  The arbitrator reduced the March 23, 2009 Level 3 Final Written
18 Warning to a Level 2 Performance Improvement Plan and reduced the June 10, 2009 discharge
19 to a Level 2 Performance Improvement Plan and three-day suspension, ordering that Mr.
20 Benedito be reinstated with full seniority and be compensated for back pay and benefits. (*Id.*
21 ¶ 14).

22 Plaintiff sued Defendant in this Court, invoking jurisdiction under 29 U.S.C. § 185 and
23 28 U.S.C. § 2201. (*See id.* ¶ 4).  Plaintiff argues that the arbitrator both improperly put the
24 burden of proof on Plaintiff and improperly substituted his judgment for that of the hospital, i.e.,

used the wrong standard of review.  Plaintiff asks the Court to vacate the Benedito Award and remand for reconsideration under the proper standards and before a new arbitrator.  Defendant has counterclaimed for confirmation of the Benedito Award. (*See* Answer & Countercl. ¶ 21, ECF No. 6).

In the Answer and Counterclaim, Defendant has also asked the Court to confirm an arbitration award granted by a different arbitrator to a different employee, Ms. Deborah LeFave ("the LeFave Award"). (*See* Answer & Countercl. ¶ 25).  The LeFave arbitration was transactionally unrelated to the Benedito arbitration.  Defendants therefore bring this as a permissive counterclaim. *See* Fed. R. Civ. P. 13(b).  Although transactionally unrelated, the facts surrounding the LeFave matter are analogous to those surrounding the Benedito matter.  Both parties have moved for summary judgment on all claims and counterclaims, and Local 1107 has moved to exclude certain evidence from consideration.

## II.     LEGAL STANDARDS

### A.     Motions in Limine

A motion in limine is a procedural device to obtain an early, preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to

resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "[C]ourts of appeals afford broad discretion to a district court's evidentiary rulings." *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

### B.     Summary Judgment Standards

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which

may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

1  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient
2  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
3  differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809
4  F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary
5  judgment by relying solely on conclusory allegations that are unsupported by factual data. *See*
6  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the
7  assertions and allegations of the pleadings and set forth specific facts by producing competent
8  evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S.
9  at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.  ANALYSIS**

    **A.  Motion to Exclude**

Defendant moves to exclude from the Court's consideration any evidence not submitted to the arbitrator for consideration.  Specifically, Defendant moves to exclude the testimony of Jeff Bell, whose testimony was not given to the arbitrator but which Plaintiff intends to introduce for the purpose of showing the meaning of Article 19.  Defendant also moves to exclude evidence of "bargaining notes and proposals" and other collective bargaining agreements between Local 1107 and other hospitals for the same purpose.  Because the Court need not consider extrinsic evidence to interpret Article 19 of the Agreements, which is unambiguous, Local 1107's motion to exclude this evidence and its motion to expedite consideration of that

motion are denied as moot.

**B.     Motions for Summary Judgment**

The arbitrators in both the Benedito and LeFave matters ruled that it was Desert Springs who bore the burden of proof. (*See* Compl. Ex. A, at 3; Countercl. ¶ 25). This was a plain error of law. Collective bargaining agreements are to be interpreted according to the intent of the parties, and even then only when ambiguous. *Bd. of Trs. of Watsonville Frozen Food Welfare Trust Fund v. Cal. Co-op*, 877 F.2d 1415, 1426 (9th Cir. 1989) ("If a provision of a CBA is ambiguous, its interpretation depends on the intent of the parties to the CBA at the time of its execution."). Where there is no ambiguity, the language of the agreement controls. *Id.* (citing *Ariz. Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.*, 753 F.2d 1512 (9th Cir.1985)).

Here, the relevant clause of the Agreements makes unambiguously clear that an arbitrator has "no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance of the evidence that there was ***not*** just cause for the discipline." (Compl. Exs. B, C) (emphasis added)). The arbitrator in the Benedito matter stated that "[t]he burden of proof is generally held to be on the Employer to prove guilt of wrongdoing, and probably always so where the agreement requires just cause of discipline." (*Id.* Ex. A, at 3 (citing Elkouri & Elkouri: How Arbitration Works ¶ 949 (6th ed. 2003)). In the absence of more guidance, a term in a collective bargaining agreement that an employer have "just cause" for discipline could reasonably lead a tribunal to the conclusion that the burden of proof should be on the employer. However, in this case, there is an explicit and unambiguous provision in the Agreements providing that the burden of proof lies on the party challenging the disciplinary action to show that there was no just cause by a preponderance of the evidence. Here, that party was Local 1107, and the arbitrators made a clear error of law in ruling to the contrary.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 26) is GRANTED.  The awards are vacated and the grievances are remanded to different arbitrators for consideration under the proper standards.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 27) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Hearing (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motions to Exclude (ECF No. 21) and to Expedite Review (ECF No. 24) are DENIED as moot.

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE