UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NC-DSH, INC., *doing business as* DESERT SPRINGS HOSPITAL MEDICAL CENTER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1107, et al.,<br><br>　　　　　　Defendants. | Case No.: 2:10-cv-00124-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Service Employees International Union, Local 1107's ("Defendant") Motion to Stay Final Judgment Pending Appeal (ECF No. 52). Plaintiff NC-DSH, Inc., *doing business as* Desert Springs Hospital Medical Center ("Plaintiff") has filed a Response (ECF No. 55), to which Defendant has submitted a Reply (ECF No. 56). For the reasons that follow, Defendant's Motion will be DENIED.

**I.　　FACTS AND PROCEDURAL HISTORY**

Plaintiff and Defendant have entered into two collective bargaining agreements: (1) the 2007 CBA, effective March 22, 2007 through April 30, 2009; and (2) the 2009 CBA, effective May 1, 2009 through April 30, 2013 (collectively, "the Agreements"). (Compl. ¶ 6, ECF No. 1). The Agreements require arbitration of any dispute over discharge or discipline of an employee. (*Id.* ¶ 9). Article 19 of the Agreements provides that an arbitrator has "no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance of the evidence that there was ***not*** just cause for the discipline. In no event may the arbitrator simply substitute his judgment for that of the hospital." (*Id.* ¶ 7 (quoting *id.*, Exs. B, C) (emphasis added)).

On March 23, 2009, Desert Springs issued a "Level 3 Final Written Warning" to an employee named Michael Benedito for violation of Desert Springs' Service Excellence Program and Policy HR 601 Standards of Conduct, and Local 1107 filed a grievance over the warning. (Compl. ¶ 10).  On June 10, 2009, Desert Springs discharged Benedito for another violation of those policies. (*Id.* ¶ 11).  On or about June 11, 2009, Local 1107 filed a grievance with Desert Springs over the firing. (*Id.*).  On July 31, 2009, the parties submitted both grievances to arbitration, and the arbitrator issued his Decision and Award ("the Benedito Award") on October 30, 2009. (*Id.* ¶¶ 12–13).  The arbitrator reduced the March 23, 2009 Level 3 Final Written Warning to a Level 2 Performance Improvement Plan and reduced the June 10, 2009 discharge to a Level 2 Performance Improvement Plan and three-day suspension, ordering that Mr. Benedito be reinstated with full seniority and be compensated for back pay and benefits. (*Id.* ¶ 14).

Plaintiff sued Defendant in this Court, invoking jurisdiction under 29 U.S.C. § 185 and 28 U.S.C. § 2201. (*See id.* ¶ 4).  Plaintiff argued that the arbitrator both improperly put the burden of proof on Plaintiff and improperly substituted his judgment for that of the hospital, i.e., used the wrong standard of review.  Plaintiff asked the Court to vacate the Benedito Award and remand for reconsideration under the proper standards and before a new arbitrator.  Defendant has counterclaimed for confirmation of the Benedito Award. (*See* Answer & Countercl. ¶ 21, ECF No. 6).

In the Answer and Counterclaim, Defendant asked the Court to confirm an arbitration award granted by a different arbitrator to a different employee, Ms. Deborah LeFave ("the LeFave Award"). (*See* Answer & Countercl. ¶ 25).  The LeFave arbitration was transactionally unrelated to the Benedito arbitration, but Defendants brought the request as a permissive counterclaim. *See* Fed. R. Civ. P. 13(b).

This Court ultimately granted summary judgment in favor Plaintiff and remanded the

arbitration awards to different arbitrators for consideration under the proper standards, explaining:

> The arbitrators in both the Benedito and LeFave matters ruled that it was Desert Springs who bore the burden of proof. (*See* Compl. Ex. A, at 3; Countercl. ¶ 25).  This was a plain error of law.  Collective bargaining agreements are to be interpreted according to the intent of the parties, and even then only when ambiguous. *Bd. of Trs. of Watsonville Frozen Food Welfare Trust Fund v. Cal. Co-op*, 877 F.2d 1415, 1426 (9th Cir. 1989) ("If a provision of a CBA is ambiguous, its interpretation depends on the intent of the parties to the CBA at the time of its execution.").  Where there is no ambiguity, the language of the agreement controls. *Id.* (citing *Ariz. Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.*, 753 F.2d 1512 (9th Cir.1985)).
>
> Here, the relevant clause of the Agreements makes unambiguously clear that an arbitrator has "no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance of the evidence that there was ***not*** just cause for the discipline." (Compl. Exs. B, C) (emphasis added)).  The arbitrator in the Benedito matter stated that "[t]he burden of proof is generally held to be on the Employer to prove guilt of wrongdoing, and probably always so where the agreement requires just cause of discipline." (*Id.* Ex. A, at 3 (citing Elkouri & Elkouri: How Arbitration Works ¶ 949 (6th ed. 2003)).  In the absence of more guidance, a term in a collective bargaining agreement that an employer have "just cause" for discipline could reasonably lead a tribunal to the conclusion that the burden of proof should be on the employer.  However, in this case, there is an explicit and unambiguous provision in the Agreements providing that the burden of proof lies on the party challenging the disciplinary action to show that there was no just cause by a preponderance of the evidence.  Here, that party was Local 1107, and the arbitrators made a clear error of law in ruling to the contrary.

(Order 7, ECF No. 44.)  Defendant has since filed a Notice of Appeal (ECF No. 46) and has requested that the Court stay final judgment pending the appeal (ECF No. 52).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) gives trial courts the discretion to stay a final non-monetary judgment pending an appeal. *See In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980). "While the power to maintain the status quo should always be exercised when an irremediable injury may result from the effect of the decree as rendered . . . this power should be sparingly employed and reserved for the exceptional situation." *Id.* (internal citations and quotation marks omitted).

The standard for granting a discretionary stay is the same as applied when evaluating a motion for a preliminary injunction. *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). This means that a stay may be granted if the moving party establishes that it is likely to succeed on the merits of the appeal, that it is likely to suffer irreparable harm in the absence of the stay, that the balance of equities tips in its favor, and that the stay would be in the public interest. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A "serious question going to the merits" and a balance of the hardships that tips sharply toward the moving party can also support a stay, provided the moving party "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

## III. DISCUSSION

In its Motion, Defendant contends that serious questions going to the merits are raised by its appeal. (Mot. 5:22-26, ECF No. 52). Specifically, Defendant contends that a high level of deference is owed to labor arbitration decisions and the Court did not afford the arbitration decisions sufficient deference in this case. (*Id.*).

A question going to the merits is "serious" if it creates "a fair ground for litigation." *Cottrell*, 632 F.3d at 1133 (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2nd Cir. 2010)). "It is well-settled that

federal labor policy favors the resolution of disputes through arbitration; thus judicial scrutiny of an arbitrator's decision is *extremely* limited." *Southern California Gas Co. v. Utility Workers Union of America*, 265 F.3d 787, 792 (9th Cir. 2001). "If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* "Only where the arbitrator ignores the contract's plain language, choosing instead to dispense his own brand of industrial justice, may [a court] question his judgment." *Id.*

This Court's decision with regard to the Benedito Award is not an instance in which the district court decided to substitute its own interpretation of the contract for that of the arbitrator--Mr. Rutherford; it is an instance in which the arbitrator ignored the provision of the CBA that set forth the burden of proof, deciding instead to implement his own notion of justice. Not only that, the provision of the CBA that the arbitrator ignored was the very provision applicable to whether or not he had authority to modify or alter the discipline imposed by Plaintiff. Article 19 plainly and unambiguously limits an arbitrator's authority to modify a penalty to those instances in which "it is established by a preponderance of the evidence that there was not just cause for the discipline." Yet, Mr. Rutherford disregarded this provision and substituted his own conception of the burden of proof, noting that "[t]he burden of proof is generally held to be on the Employer to prove guilt for wrongdoing, and probably always so where the agreement requires just cause for discipline" and citing to Elkouri & Elkouri's "How Arbitration Works." (Compl., Ex. A, at 3, ECF No. 1). Therefore, this Court cannot say that serious questions are raised by the appeal of its decision regarding the Benedito Award and a stay will not be granted as to that decision.

Nor was the Court's decision concerning the LeFave Award one in which the Court inappropriately usurped or undermined the power of the arbitrator. Despite the fact that

1  Article 19 clearly states that an arbitrator only has the power to modify the discipline
2  imposed by Plaintiff when Defendant has proven by a preponderance of the evidence that
3  there was not just cause for the discipline, the arbitrator imposed the burden on Plaintiff to
4  show that there was just cause, framing the question presented as: "Did the Hospital have
5  just cause under Article 19 of the collective bargaining agreement to terminate the Grievant,
6  Deborah LaFave?" (Answer, Ex. B, at 20, ECF No. 6).  Such flouting of the clear,
7  unambiguous language contained in the CBA is fatal to the arbitration decision for two
8  reasons.
9      First, the arbitrator impermissibly ignored the plain language of the CBA by imposing
10 her own conception of where the burden should lie, rather than simply applying the
11 bargained-for language contained in the agreement.  Second, by reversing the discipline
12 imposed by Plaintiff based on an incorrect assignment of the burden of proof, the arbitrator
13 improperly exercised authority that she did not have under the CBA. *See Torrington Co. v.*
14 *Metal Products Workers Union Local 1645, UAW, AFL-CIO*, 362 F.2d 677, 680 (2d Cir.
15 1966) ("Therefore, we hold that the question of an arbitrator's authority is subject to judicial
16 review, and that the arbitrator's decision that he has authority should not be accepted where
17 the reviewing court can clearly perceive that he has derived that authority from sources
18 outside the collective bargaining agreement at issue."); *see also Granite Rock Co. v.*
19 *International Brotherhood of Teamsters*, 130 S. Ct. 2847, 2857 (2010) (explaining that the
20 first principle underscoring all of the Supreme Court's arbitration decisions is "[a]rbitration
21 is strictly a matter of consent" (internal quotation marks omitted)).
22     The unambiguous condition precedent to the arbitrator having the authority to modify
23 the discipline imposed by Plaintiff was that Defendant had to demonstrate that there was not
24 just cause for the discipline imposed.  Yet, the arbitrator disregarded this condition precedent
25 and modified the discipline, and therefore impermissibly wielded authority where none had

been given.  There is thus no serious question as to the propriety of the Court's decision regarding the LeFave Award, either.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Service Employees International Union, Local 1107's Motion to Stay Final Judgment Pending Appeal (ECF No. 52) is **DENIED**.

DATED this 11th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge